# Fiserv.

## MUTUAL AGREEMENT TO ARBITRATE CLAIMS

In recognition that differences may arise between ___The Jerome Group , L.L.C.___ or its parent, Fiserv, Inc. (collectively "the Company") and the undersigned ("the Employee") arising out of or relating to the undersigned employee's claims of sexual harassment, certain compensation matters during the employment relationship, or termination of employment, the Company and the Employee have entered into this Mutual Agreement to Arbitrate Claims ("the Agreement"). Each party's promise to resolve claims by arbitration in accordance with the provisions of this Agreement, rather than through the courts, is consideration for the other party's like promise.

### 1. Scope of Arbitration

The parties agree to submit to arbitration any and all disputes arising from or related to certain compensation matters and claims of discrimination or sexual harassment during the employment relationship, or the termination of employment between the parties for which a court otherwise would be authorized by law to grant relief.

Except as excluded in the following paragraph, the claims covered by this Agreement include, but are not limited to, claims for: amounts of compensation owed and due; claims concerning sexual harassment; termination claims concerning breach of any contract or covenant, express or implied, relating to employment, benefits or compensation; tort claims; discrimination claims, including but not limited to race, sex, religion, national origin, age, marital status, handicap, disability or medical condition; and claims for violation of any federal, state or other governmental constitution, statute, ordinance or regulation.

This Mutual Agreement to Arbitrate Claims does **not** apply to or cover claims for: the appropriateness of the employee's salary as compared to other employees or the outside labor market, merit increases in salary, promotions or demotions and their related salary action, commission plan rates; management bonus or employee incentive plan rates; disciplinary actions during the employment relationship except when the basis of such claim is discrimination; workers' compensation benefits or compensation; claims for unemployment compensation; claims by the Company for injunctive and/or other equitable relief for unfair competition and/or the use or unauthorized disclosure of trade secrets or confidential information; and claims based upon an employee pension or benefit plan, the terms of which contain an arbitration or other non-judicial dispute resolution procedure, in which case the provisions of such plan shall apply.

In utilizing this process and signing this agreement, the employee and the Company relinquish all rights to pursuing through the courts the claims covered by this Agreement.

The parties further agree that this arbitration process shall be the exclusive means for resolving all disputes made subject to arbitration, including any issue or dispute concerning the Agreement itself.

### 2. Governing Law

Notwithstanding any other choice of law provisions in the Agreement, the interpretation and enforcement of the arbitration provisions of this Agreement shall be governed exclusively by the Federal Arbitration Act, (FAA), 9 U.S.C. §§ et seq., and shall otherwise be governed by the law of the State of ___mo___.

### 3. Term and Modification

This Agreement shall survive the employer-employee relationship between the Company and the Employee. This Agreement can only be modified by a written document signed by both parties that specifically references this Agreement and states an intent to modify or revoke it.

### 4. Right to Representation

Each party has the right, but is not required, to be represented throughout the arbitration process by any individual who may be so designated by a party.



### 5. Time Limits for Submitting Disputes

A claim must be raised within the statute of limitations set forth in the applicable law, statute, regulation or ordinance for the type of claim being asserted.

### 6. Availability of Injunctive Relief

These arbitration provisions shall not prevent the Company or the Employee from obtaining injunctive relief to enforce the obligations of * _____
or of Fiserv policy (No. 411) regarding conflicts of interest and Fiserv policy (No. 411a) regarding confidential information and trade secrets.

   *Insert any applicable reference to an employment agreement or non-compete covenant.

### 7. American Arbitration Association Rules Apply as Modified Herein

Any arbitration hereunder shall be conducted under the Model Employment Procedures of the American Arbitration Association ("AAA"), as modified herein.

### 8. Invoking Arbitration

The parties agree that prior to invoking arbitration, the parties will first attempt to resolve the matter informally through a meeting with the local human resources manager and business unit president. With respect to claims of sexual harassment, the parties will permit the matter to be fully investigated in accordance with the Harassment and Sexual Harassment policy (No. 412) before the above-referenced meeting with the local human resources manager and business unit president.

Either party may invoke the arbitration provisions by submitting to the other, in person or by mail, a written demand for arbitration, containing a statement of the matter to be arbitrated sufficient to establish the timeliness of the demand. The parties shall then have fourteen calendar days within which they may identify a mutually agreeable arbitrator. After the fourteen-day period has expired, the parties shall prepare and submit to the AAA a joint submission, with the costs and fees for the arbitrator, the record, and the AAA, shall be paid by the company. (Costs incurred for preparing and participating in the arbitration however, shall be the responsibility of each party). In their submission to the AAA, the parties shall either designate a mutually acceptable arbitrator or request a panel of arbitrators from the AAA according to the procedure described in Section 9 below.

### 9. Arbitrator Selection

In the event the parties cannot agree upon an arbitrator within fourteen days after the demand for arbitration is received, their joint submission to the AAA shall request a panel of nine arbitrators who are practicing attorneys with professional experience in the field of employment law, and the parties shall attempt to select an arbitrator from that panel according to AAA procedures. In the event that the parties are unsuccessful, they shall request a second panel of nine comparably qualified arbitrators and repeat the selection process. If the parties remain unable to select an arbitrator, then they shall request from AAA a third panel of three comparably qualified arbitrators, from which the AAA shall reject the least preferred candidate of each party, and select the remaining candidate.

### 10. Pre-Hearing Procedures

Each party shall be entitled to production of requested documents under the same standards used by the Federal Courts, exchange of witness lists and summaries of the testimony of proposed witnesses, the assistance of one expert witness, and examination by deposition of up to three potential witnesses.

### 11. Stenographic Record

There shall be a stenographic record of the arbitration hearing, unless the parties agree to record the proceedings by other reliable means.

### 12. Location

Unless otherwise agreed to by the parties, the arbitration hearing shall take place at the location of employment or at a place designated by the arbitrator within 20 miles of the employment location.

### 13. Post-Hearing Briefs

After the close of the arbitration hearing, the arbitrator shall allow the parties to submit written briefs.

### 14. Confidentiality

The arbitration proceedings shall be confidential. Neither party shall disclose any information about documents produced in connection with the proceeding, except in the course of a judicial, regulatory, or arbitration proceeding, or as may be requested by governmental authority. Before making any disclosure permitted by the preceding sentence, the party shall give the other party reasonable written notice of the intended disclosure and an opportunity to protect its interests. Expert witnesses and stenographic reporters shall sign appropriate nondisclosure agreements.

The parties acknowledge and agree that if a breach of this confidentiality provision occurs, the non-breaching party is free to pursue all available remedies provided by law.

### 15. Costs

Each party shall be responsible for its own costs incurred preparing for and participating in arbitration. The costs and fees of the arbitrator, the record, and of the AAA shall be borne by Fiserv.

### 16. Remedies

The arbitrator shall have authority to award any remedy or relief that a Federal court or a court of the State of _mo_ could grant in conformity to applicable law.

### 17. Law Governing the Arbitrator's Award

In rendering an award, the arbitrator shall determine the rights and obligations of the parties under this Agreement according to federal law and the substantive law of the State of _mo_ (excluding conflicts of law principles), and the arbitrator's decision shall be governed by state and federal substantive law, including state and federal discrimination laws, as though the matter were before a court of law.

### 18. Written Awards and Enforcement

Any arbitration award shall be accompanied by a written statement containing a summary of the issues in controversy, a description of the award, and an explanation of the reasons for the award including findings of fact and law. The parties agree that the arbitrator's decision will be final and binding upon the parties.

### 19. Disclaimer of Employment Rights

The parties understand and agree that this Agreement does not constitute a contract of employment, express or implied. The employment relationship can be terminated at the will of either party, unless provided otherwise in writing between the parties.

025-1-0999                                        3

### 20. Voluntary Agreement

THIS AGREEMENT IS EXTENDED IN CONSIDERATION OF THE MUTUAL AGREEMENT TO ARBITRATE CLAIMS AND ELIGIBILITY FOR FISERV'S ADDITIONAL HOLIDAYS DURING THE EMPLOYEE'S EMPLOYMENT WITH THE JEROME GROUP THE EMPLOYEE ACKNOWLEDGES THAT HE OR SHE HAS CAREFULLY READ THIS AGREEMENT, THAT HE OR SHE UNDERSTANDS ITS TERMS, THAT ALL UNDERSTANDINGS BETWEEN THE EMPLOYEE AND THE COMPANY RELATING TO THE SUBJECTS COVERED IN THIS AGREEMENT ARE CONTAINED IN IT, AND THAT HE OR SHE HAS ENTERED INTO THIS AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE COMPANY OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF.

THE EMPLOYEE FURTHER ACKNOWLEDGES THAT HE OR SHE HAD A REASONABLE PERIOD OF TIME TO REVIEW AND CONSIDER THIS AGREEMENT BEFORE SIGNING IT AND THAT HE OR SHE HAD AN OPPORTUNITY TO DISCUSS THIS AGREEMENT WITH HIS OR HER PERSONAL LEGAL COUNSEL, AND HAS USED THAT OPPORTUNITY TO THE EXTENT HE OR SHE WISHES TO DO SO.

| Signature | Date |
|---|---|
| _[signed]_ Signature of Employee | July 18·06 |
| ALEXIS TURNER (Print Name of Employee) | |
| _[signed]_ Business Unit President | 7·18·06 |
| _[signed]_ P. Hyre Human Resources Manager | 7·18·06 |
| If a minor, signature of Employee's Parent or Guardian | |
| If a minor, print name of Employee's Parent or Guardian | |