UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PEARLIE MAE THOMAS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:16-CV-2157 (CEJ) |
| FISERV SOLUTIONS, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Fiserv Solutions to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), and to compel arbitration, pursuant to the Federal Arbitration Act, 9 U.S.C. § 2. Plaintiff has not filed a response in opposition and the time allowed for doing so has expired.

### I. Background

Plaintiff brings this action under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, claiming that the defendant discriminated against, harassed, and retaliated against her because of her age. Shortly after plaintiff began working for defendant in April 2013, she signed a "Mutual Agreement to Arbitrate Claims" (the "Agreement"), which provides, in relevant part:

> **Each party's promise to resolve claims by arbitration in accordance with the provisions of this Agreement, rather than through the courts, is consideration for the other party's like promise.**
>
> ...
>
> **The parties agree to submit to arbitration any and all disputes arising from or related to . . . claims of discrimination . . . or the termination of employment**

**EXHIBIT B**

> between the parties for which a court otherwise would be authorized by law to grant relief.
>
> ...
>
> [T]he claims covered by this Agreement include, but are not limited to . . . discrimination claims, including but not limited to race, sex, religion, national origin, age, marital status, handicap, disability or medical condition; and claims for violation of any federal, state or other governmental constitution, statute, ordinance or regulation.
>
> ...
>
> In utilizing this process and signing this agreement, the employee and the Company relinquish all rights to pursuing through the courts the claims covered by this Agreement.
>
> ...
>
> The parties further agree that this arbitration process shall be the exclusive means for resolving all disputes made subject to arbitration, including any issues or dispute concerning the Agreement itself.

[Doc. #11-1, p.1].

Defendant argues that the Agreement requires plaintiff to submit her age discrimination claims to arbitration. Therefore, defendant moves for an order compelling arbitration and dismissing this action or, in the alternative, staying this action pending completion of arbitration.

II. **Discussion**

The Federal Arbitration Act (FAA), 9 U.S.C. § 1 et seq., "establishes a liberal federal policy favoring arbitration agreements." *Torres v. Simpatico, Inc.*, 781 F.3d 963, 968 (8th Cir. 2015) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011)); *see also Faber v. Menard, Inc.*, 367 F.3d 1048, 1052 (8th Cir. 2004) (finding that there is a strong federal policy favoring arbitration). "In light of this federal policy, arbitration agreements are to be enforced unless a party can show

that it will not be able to vindicate its rights in the arbitral forum." *Faber*, at 1052. The Eighth Circuit has provided that a court must grant a party's motion to compel arbitration if (1) "a valid agreement to arbitrate exists," and, if so, (2) "the dispute falls within the scope of that agreement." *Newspaper Guild of St. Louis, Local 36047 v. St. Louis Post Dispatch, LLC*, 641 F.3d 263, 266 (8th Cir. 2011); *see also MedCam, Inc. v. MCNC*, 414 F.3d 972, 974 (8th Cir. 2005). As plaintiff has not responded to the motion, she does not dispute whether the agreement for arbitration was validly made. Thus, the only question is whether plaintiff's claims fall within the scope of the arbitration agreement.

Courts should resolve any doubts in favor of arbitration and should compel arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *MedCam*, 414 F.3d at 975 (quoting *Lyster v. Ryan's Family Steak Houses, Inc.*, 239 F.3d 943, 945 (8th Cir. 2001)). Here, the arbitration clause is clearly susceptible to an interpretation that covers the asserted dispute. In the complaint, plaintiff asserts claims of discrimination, harassment, and retaliation based on age, in violation of the ADEA. The Agreement expressly covers claims involving age discrimination and violations of federal law. Accordingly, the Court finds that the entirety of the dispute falls within the scope of the arbitration agreement.

Under the FAA, when a court finds that the claims raised in an action are properly referable to arbitration, it should generally stay the action until arbitration proceedings are concluded. *Fleischli v. N. Pole US, LLC*, 4:12-CV-1618-CDP, 2013 WL 1965120, at *14 (E.D. Mo. May 10, 2013) (citing 9 U.S.C. § 3). However, courts in this district have found dismissal appropriate when all of the issues raised

in a complaint are subject to arbitration in accordance with a valid and enforceable arbitration agreement. *Medscript PBM, Inc. v. Procare PBM, Inc.*, No. 4:08-CV-0293-AGF, 2008 WL 4941002, at *7 (E.D. Mo. Nov. 17, 2008) (dismissing the matter because the court determined all of plaintiff's claims were subject to arbitration); *see also Fahey v. U.S. Bank Nat. Ass'n*, No. 4:05-CV-01453-FRB, 2006 WL 2850529, at *3 (E.D. Mo. Sept. 29, 2006) ("[d]ismissal is appropriate when *all* of the issues raised in the complaint are submitted to arbitration in accordance with a valid and enforceable arbitration agreement"). In the instant case, all of plaintiff's claims are subject to arbitration in accordance with a valid and enforceable arbitration agreement. Thus, a stay of the proceedings would serve no purpose. Therefore, the Court concludes that it is appropriate to dismiss this action and to compel plaintiff to pursue her claims in arbitration.

\* \* \* \* \*

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss and to compel arbitration [Doc. #10] is **granted**.

A separate Order of Dismissal will accompany this Memorandum and Order.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 26th day of April, 2017.